# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

UNITED STATES OF AMERICA

v.                              No. 4:96CR00205-01 JLH
                      (Related Case No. 4:07CV00503 JLH)
CLARENCE EDGAR GUTHRIE


## OPINION

On May 17, 2007, Clarence E. Guthrie filed a motion pursuant to 28 U.S.C. § 2255.  He attacks the sentence imposed on January 29, 2004, when his supervised release was revoked, and he was sentenced to serve 24 months in the Bureau of Prisons consecutive to the term of 180 months he was then, and apparently still is, serving in the Arkansas Department of Correction.  Guthrie appealed his sentence.  The Eighth Circuit affirmed and issued its mandate on November 17, 2004.

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that the clerk must promptly forward a motion filed under § 2255 to the judge who conducted the trial and imposed sentence, but if the appropriate judge is not available, the clerk must forward the motion to a judge under the court's assignment procedure.  Guthrie was sentenced by the Honorable George Howard, Jr., who died on April 21, 2007.  When Guthrie filed his motion under § 2255, his case was assigned to the undersigned judge pursuant to the Court's assignment procedure.

Rule 4(b) provides:

The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 3(c) provides that the time for filing a motion is governed by 28 U.S.C. § 2255 para. 6.

Section 2255 para. 6 provides:

A 1-year period of limitations shall apply to a motion under this section.  The limitation period shall run from the latest of --

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Guthrie asserts the following grounds for relief:

Ground one:  <u>I was coerced by my court appointed attorney to plead guilty with a promise that it had been previously agreed to by the U.S.Attorney [. . .]</u>

Supporting FACTS (state *briefly* without citing cases or law) <u>and himself (my attorney) that what ever the court was to sentence me to , [sic] that my sentence was to be run concurrent to the sentence that I had received in the state court for which I was presently serving time for.</u>

Ground two:  <u>Denied due process of law</u>

Supporting FACTS (state *briefly* without citing cases or law) <u>By not being allowed to call my attorney, I was denied due process of law on request my attorney is to be entitled to proper notice of any and all hearings an [sic] a reasonable opportunity to attend any interview of the defendant.</u>

Ground three:  <u>Plea withdrawal</u>

Supporting FACTS (state *briefly* without citing cases or law) <u>If a motion to with-draw a plea of guilty or nolo contendere is made before sentence is imposed the court</u>

may permit the plea to be withdrawn if the defendant shows any any [sic] favorable
or just reason for the withdrawal of said plea.

Ground four:  Breach of plea agreement

Supporting FACTS (state *briefly* without citing cases or law) By the defendant not
being sentenced as was agreed upon by all parties involved in the plea agreement the
defendant has the unfair prejudice of being held unlawfully imprisoned yet for a
longer sentence than was agreed to.

None of these grounds relies upon a right newly recognized by the Supreme Court and made

retroactively applicable to cases on review.  Guthrie does not allege that governmental action created

any impediment to making a motion.  The facts upon which he relies were facts that he knew at the

time his sentence was imposed on January 29, 2004.  Therefore, the limitation period began to run

on the date on which the judgment of conviction became final, which was November 17, 2004, when

the Eighth Circuit issued its mandate.  The period of limitation expired on November 17, 2005.

Guthrie filed this motion on May 17, 2007, well after the period of limitations had expired.

It plainly appears from the motion and the record of prior proceedings that Guthrie is not

entitled to any relief because his motion is untimely.  Therefore, pursuant to Rule 4(b), this Court

must dismiss the motion and direct the Clerk to notify the moving party.  A judgment dismissing the

motion will be entered separately.  The Clerk is directed to send a copy of this Opinion and the

Judgment to Mr. Guthrie.

DATED this 18th day of May, 2007.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE